**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-40985

PHILLIP RAY LILES,

                                                            Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

                                                            Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(G-97-CV-565)

May 4, 2000

Before EMILIO M. GARZA, DEMOSS,  and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

This case involves a state prisoner's challenge to the district court's grant of summary

judgment to respondent regarding the prisoner's claim of ineffective assistance counsel raised

in his petition for habeas corpus relief.  Because we find that genuine issues of material fact

exist, we reverse the district court's ruling.

<u>FACTUAL AND PROCEDURAL HISTORY</u>

Phillip Ray Liles ("Liles") pleaded guilty on April 1, 1996 in Texas state court to theft.

The court sentenced him to five years imprisonment.  On April 17, 1997, Liles filed an

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

application for state habeas relief, alleging that counsel rendered ineffective assistance regarding his guilty plea. In his state habeas petition, Liles claimed that he did not want to plead guilty because he had an alibi. Liles further alleged that counsel told him that there was no evidence to corroborate his alibi and advised him to plead guilty. Liles maintained that he relied on counsel's advice regarding the lack of corroborative evidence and pleaded guilty. A state district court on June 17, 1997 issued findings of facts and conclusions of law recommending that Liles' application for state habeas relief be denied. The Texas Court of Criminal Appeals denied his application without written order on August 13, 1997.

Subsequently, Liles filed an application in federal district court for habeas relief. The respondent moved for summary judgment. On June 16, 1998, a magistrate judge issued a report and recommended that the respondent's motion for summary judgment should be granted. The district court accepted the magistrate judge's recommendation and granted the motion for summary judgment. The district court denied Liles' subsequent motion for a Certificate of Appealablity ("COA"). Afterwards, Liles petitioned this court for a COA. Because we recognized that a genuine issue of material fact may have existed regarding Liles' claim of ineffective assistance of counsel we granted his request for a COA.[1]

## DISCUSSION

Liles claims that counsel rendered ineffective assistance and that his guilty plea was involuntary. Essentially, Liles' contentions center around his alibi defense. During the prosecution of Liles' case in state court, the state claimed that Liles had pawned the stolen property on February 2, 1994. The pawn store owner identified Liles in a photo array as the person who pawned the property, however, the pawn store owner was unable to identify Liles in a subsequent line-up. Respondent does not identify any evidence besides the pawn

---

[1] See Liles v. Johnson, 98-40985 (5th Cir. April 20, 1999)(order issued by Judge Patrick Higginbotham)

store owner's identification and the pawn transaction that establishes Liles' guilt. Thus, it appears that the strength of the state's case against Liles centered on its claim that Liles pawned the stolen property.

Liles maintains, however, that he informed his counsel that he could not have pawned the property because he had reported to his parole officer on the morning of February 2, 1994. Liles claims that counsel informed him that the time of the pawn transaction could not be established, and thus, advised that his alibi defense was weak. Furthermore, in counsel's affidavit obtained during the state habeas proceedings, counsel stated that she had talked with a parole officer who stated that she could not determine the time that Liles was in the parole office the date the stolen property was pawned.

After his guilty plea was entered, Liles became aware of evidence that he maintains establishes the time of the pawn transaction and the time that he was in the parole office. The parole board's records indicate that a receipt of payment for "parole supervision fee" on Liles' account was issued at 11:38 a.m. on February 2, 1994. Furthermore, in an affidavit a District Parole Officer stated that records maintained at the parole office indicate that Liles was present in the office on February 2, 1994, and that the file states that "Releasee paid $10 supervision fee." Liles further discovered that the pawn ticket for the stolen property does show the time of the pawn transaction, which was 12:12 p.m. on February 2, 1994. Documentation obtained from the Texas Department of Public Safety states that the distance from the parole office to the pawn store is approximate 44.7 miles. Liles maintains that most of this route is covered by urban streets, and little of the route is covered by an interstate highway. Thus, Liles argues that he could not have driven 44.7 miles from the parole office at 11:38 a.m. to arrive at the pawn store at 12:12 p.m. In other words, he claims that 34 minutes was not enough time to drive from the parole office to pawn the stolen property at the pawn store.

3

Therefore, Liles contends that if counsel would have conducted an adequate investigation, counsel would have discovered sufficient evidence to support his alibi defense. He also claims that but for counsel's advice, which was based on false information, he would not have pleaded guilty, and thus, would have exercised his right to proceed to trial equipped with a credible alibi defense. Thus, according to Liles the district court erred when it ruled that no genuine issue of material fact exists regarding his claim of ineffective assistance of counsel.[2] Liles filed the instant application for federal habeas relief after the effective date of the Antiterrorism and Effective Death Penalty Act. See 28 U.S.C. § 2241 et seq. ("AEDPA"). Therefore, AEDPA's standards of review apply. Accordingly, we may not disturb a state court's ruling unless we determine that the state court's legal conclusion was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254 (d)(1). A state court's findings regarding mixed questions of fact and law may not be disturbed unless the state court's decision was based on "an unreasonable determination of facts in light of the evidence presented in the state court proceeding." Id. § (d)(1). Finally, a state court's findings of fact are presumed correct, and the burden is on the petitioner to show by clear and convincing evidence that the state court's factual findings were erroneous. Id. § 2254(e)(1).

Regarding summary judgment, Rule 56 of the Federal Rules of Civil Procedure applies in equal force in the context of federal habeas corpus cases. See Rule 11 of the Rules Governing § 2254 Cases; Fed R.Civ.P. 81(a)(2); see also, e.g., Clark v. Johnson, 202 F.3d

---

[2] Liles also claims that his plea was involuntary. However, "[w]here, as here, a defendant [was] represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56-57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). Thus, we limit out inquiry to whether genuine issues of material fact exist as to Liles' claim of assistance of counsel during the plea process.

760, 764 (5ᵗʰ Cir. 2000); <u>Barnes v. Johnson</u>, 160 F.3d 218, 222 (5ᵗʰ Cir. 1998), <u>cert. denied,</u> ___ U.S. ___, 119 S.Ct. 1768, 143 L.Ed.2d 798 (1999).  Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c). Once the moving party has identified those portions of the record which show no issue of material fact exists, the non-moving party must rebut by showing the existence of a material factual issue in the record.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 321-22, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Thus, we review a district court's grant of summary judgment <u>de novo.</u> <u>Williams v. Scott</u>, 35 F.3d 159, 161 (5ᵗʰ Cir. 1994).

In <u>Hill v. Lockhart</u>, the Supreme Court held that a modified version of the two-prong test articulated in <u>Strickland v. Washington</u>, 446 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was applicable to claims of ineffective assistance of counsel during the plea process. <u>See</u> 474 U.S. at 58, 106 S.Ct. at 370.  Thus, when a convicted defendant claims that counsel rendered ineffective assistance during the plea process and negotiations, the defendant must show: (1) that counsel's performance was unreasonably deficient; and (2) that there is a reasonable probability that, but for counsel's deficient performance, the defendant would have elected to proceed to trial.  <u>Id.</u>

In determining whether counsel's performance was deficient, we must avoid the distortion of hindsight.  We must employ a snap-shot analysis and evaluate counsel's conduct from counsel's perspective during the course of the litigation.  <u>See</u> <u>Strickland</u>, 466 U.S. at 689, 104 S.Ct. 2065.  However, <u>Strickland</u>'s admonition against "second-guessing" is not a straightjacket that prevents us from critiquing those aspects of counsel's performance that were unreasonable.  This inquiry is fact-intensive and case specific—thus the omission or commission of an act that may be unreasonable in one case may be "sound or even brilliant [legal strategy] in another."  <u>Id.</u> at 693, 104 S.Ct. at 2067.

5

In the instant case, our review of the record reveals genuine issues of material fact as to whether counsel's performance was reasonable. First, the pawn ticket itself contradicts counsel's representation to Liles during the plea process that there was no evidence to establish the time of the pawn transaction. Although counsel stated in her affidavit that she could not detect a time of transaction on the ticket, her subjective belief that no time of transaction appeared on the ticket is not dispositive of whether her performance was reasonable. See Strickland, 466 U.S. at 687-688, 104 S.Ct. at 2065 (counsel's conduct is reviewed under an objective standard of reasonableness). The state court's factual findings indicate that counsel's investigator interviewed the pawn store operator. However, neither counsel's affidavit nor the state court's factual findings indicate whether counsel spoke with the store owner in order to determine the time of the transaction. Such a feasible investigatory measure arguably would have revealed the time of transaction. Although the respondent counters that we should not disturb the state court factual finding that the time of transaction did not appear on the pawn ticket, we cannot turn a blind eye to the face of the pawn ticket that flatly contradicts the state court's finding.

Notwithstanding the time of the transaction, counsel's advice to Liles to plead guilty cannot be deemed deficient if counsel could not have reasonably discovered evidence to establish the time that Liles was present in the parole office. Respondent contends that counsel stated in her affidavit that a parole officer told her that she could not establish a time for Liles' visit and that parolees were not required to make payments in person. As such, respondent contends that counsel could not have reasonably established that Liles was in the parole office during the morning of February 2, 1994. However, it appears that counsel's inquiry ended with her conversation with the parole officer. The parole file indicates that Liles was present in the office to pay his supervision fees on February 2, 1994. The parole records also show that the receipt of payment for his supervision fee was issued at 11:38 a.m. on February 2, 1994. Neither counsel nor respondent suggest that there was any

6

impediment during the state proceedings to obtaining these files and records from the parole office to verify whether Liles visited the office on the morning of February 2, 1994 and whether Liles made his payment in person.[3] Although Strickland instructs against indulging in the "could of" or "should of" analysis of counsel's performance, we cannot ignore that a genuine issue of material fact exists as to whether counsel undertook adequate investigatory and discovery measures to verify Liles' alibi. As such, a material question exists as to whether counsel's performance was unreasonably deficient.

Under Strickland's prejudice prong, a defendant must show that, but for counsel's advice, the defendant would have elected not to plead guilty and proceed to trial. Hill, 474 U.S. at 59, 106 S.Ct. at 370. Regarding a claim that counsel failed to investigate or discover exculpatory evidence during the plea process, the Court summarized the prejudice prong as follows:

> In many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

Id., 106 S.Ct. at 370-71.

In the instant case, respondent argues that the documentary evidence would not have changed counsel's advice nor would it have impacted the outcome of a trial. First, respondent points out that counsel in her affidavit stated that even if she was aware of the documentary evidence, she would not have changed her advice. In her affidavit, counsel explained that a parole office "is a bad location" to establish an alibi. Counsel also stated that

---

[3] Under TEX.CRIM.PROC. art. 39.14, a criminal defendant may file a discovery motion to request inspection of non-privileged and non-work product documentary evidence in the possession of the state or any of its agencies. Thus, a discovery procedure was available to counsel to inspect and copy documents in the parole office's possession.

the pawn store owner's identification weighed against advising Liles to proceed to trial. Additionally, counsel espoused that she could not call Liles to the stand because the state would have impeached Liles with his extensive criminal record. Furthermore, counsel noted that the alibi evidence was not strong because Liles could have driven from the parole office in time to pawn the stolen property. Counsel further indicated, that notwithstanding the documentary evidence, she would have recommended that Liles plead guilty and receive a five-year sentence, instead of proceeding to trial and risk the possibility of receiving a life sentence as a habitual offender. Thus, the respondent maintains that based on defense counsel's assessment of the evidence, Liles does not show that his counsel's advice was prejudicial.

However, our task on summary judgment is not to resolve the merits of Liles' claim, but rather to determine whether he showed below that genuine issues of material fact exist. Furthermore, counsel's subjective views are not dispositive. "[P]redictions of outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" Hill, 474 U.S. at 59-60, 106 S.Ct. at 371 (quoting Strickland, 466 U.S. at 695, 104 S.Ct. at 2068). Thus, counsel's ad hoc reasoning and commentary is of no moment during our objective evaluation of factors that existed during the course of counsel's representation of her client.

Our review of the record raises material questions as to whether reasonable counsel, equipped with the documentary evidence, would have advised Liles to plead guilty. First, counsel's characterization of the state parole office as a "bad location" does not carry force. Arguably, corroboration of Liles' presence in a state law enforcement office by records in the state's possession and a state law enforcement officer, who presumably would not have a vested interest in helping a criminal defendant, would have been considerably useful to the defense. Second, the pawn store owner's identification was subject to attack based on his failure to identify Liles in a lineup after he picked Liles from an earlier photo array. Although

8

the state's ability to impeach Liles' testimony with his extensive criminal background is a valid concern, nonetheless, instructions from the court regarding the proper use of impeachment evidence would have militated against the jury concluding guilt based on prior criminal conduct.[4]

As to whether Liles could have driven from the parole office at 11:38 a.m. to pawn the stolen property at 12:12 p.m., documentation from the Texas Department of Public Safety indicates that the distance from the parole office to the pawn store is approximate 44.7 miles. Considering that this route is not entirely covered by interstate highway, a material fact exists as to whether 34 minutes would have been sufficient time for Liles to drive 44.7 miles from the parole office at 11:38 a.m. to the pawn store to complete the pawn transaction at 12:12 p.m.[5]

Furthermore, respondent's assertion that counsel's advice was not prejudicial because Liles was facing a possible life sentence carries some force. However, in light of the documentary evidence which arguably supports Liles' alibi defense, a genuine issue of material fact exists as to whether reasonable counsel would have advised a client to plead guilty and spend five years in jail, if counsel was aware of credible evidence to establish an alibi defense that would have exonerated the client. Our recognition that this question exists within the factual record developed below indicates that this case was not ripe for summary judgment.

Liles asserts that but for his counsel's advice, which was based on erroneous information, he would have elected to proceed to trial. To support his contention, Liles

---

[4] Conceivably, the document ary evidence may have established the alibi without Liles' testimony, thus avoiding the use of Liles' criminal background for impeachment purposes. Albeit we defer t o counsel's tactical and strategical decisions under Strickland, we cannot dismiss the existence of a viable alternative strategy when determining whether material questions exist as to the prejudicial impact of counsel's actions.

[5] The state court did not make a finding of fact as to whether Liles could have driven from the parole office to the pawn store to conduct the pawn transaction within the 34-minute time period.

indicates that he informed counsel of his alibi but opted to plead guilty when counsel falsely told him that the pawn ticket did not have on it the time of day that the transaction was made. Furthermore, counsel expressly stated in her affidavit that she told Liles that there was no time of transaction on the pawn ticket. Under these circumstance, a genuine issue of material fact exists as to whether the erroneous information that counsel related to Liles during the plea process induced him to plead guilty.

Finally, our ruling that a genuine issue of material fact exists regarding Liles' claim of ineffective assistance of counsel during the guilty plea process should not be construed as an opinion on the merits. Our ruling does not alleviate Liles' burden of marshaling sufficient evidence to demonstrate that he is entitled to federal habeas relief.

CONCLUSION

We VACATE the district court's grant of summary judgment and REMAND for further proceedings.

VACATED and REMANDED.

10